Floyd P. DONLEY, Sr., Plaintiff–
Appellant,

v.

HUDSONS SALVAGE, L.L.C.; Linda
Cox; Velma Elaine Hingle; Angie
Carter; Lois Peltier; Jerry Holifield;
Alan Spallinger; Dominic Cuti; Allen
Ordeneaux, III; Joey Phillips; Ser-
gent Varnado; Ted Simmons; Jerry
Trabona; Charles Reid; Amite City
Council; Reginald Goldsby, Defen-
dants–Appellees.

No. 14–30899

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 2015.

Floyd P. Donley, Sr., Amite, LA, pro se.

Thomas Justin Miller, Sean Andre'
Blondell, Esq., Counsel, Maricle & Associ-
ates, Mandeville, LA, Jeffery Paul Robert,
Law Firm of Grayson H. Brown, Baton
Rouge, LA, Keith Michael Detweiler, Esq.,
John Dennis Carter, Esq., Gerald Joseph
Nielsen, Esq., Trial Attorney, Nielsen,
Carter & Treas, L.L.C., Metairie, LA, for
Defendants–Appellees.

Before SMITH, WIENER, and
ELROD, Circuit Judges.

PER CURIAM: *

Floyd P. Donley, Sr., appeals from the
magistrate judge's denial of his motion to
dismiss for lack of jurisdiction. We have

---

jurisdiction because both parties consented
to proceed before the magistrate judge.
28 U.S.C. § 636(c)(3). Donley originally
brought suit against Hudsons Salvage and
both parties signed a consent form permit-
ting final resolution of the case by a magis-
trate judge. § 636(c)(3). The magistrate
judge granted summary judgment in favor
of the defendants, Donley appealed, and
we affirmed. The Supreme Court then
denied certiorari.

Donley argues that he never consented
to have the particular magistrate judge
who heard his case and that this magis-
trate judge lacked "personal jurisdiction."
In addition to the numerous problems with
the merits of this argument, this case was
fully resolved, appealed, and certiorari was
denied. Donley's argument is moot and
for that reason the judgment of the magis-
trate judge is AFFIRMED.

---

* Pursuant to Fifth Cir. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in Fifth
Cir. R. 47.5.4.